[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15231
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cr-14096-JEM-3


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BHARDWAAJ SEECHARAN,
a.k.a. Deo Seecharan,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 18, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Bhardwaaj Seecharan pleaded guilty to conspiracy to commit bank fraud, in

violation of 18 U.S.C. § 1349, and was sentenced to 60 months' imprisonment. He

appeals that sentence, contending it is procedurally and substantively unreasonable. After careful review, we vacate Seecharan's sentence and remand for resentencing.

Seecharan pleaded guilty to conspiracy to commit bank fraud in connection with a scheme to defraud mortgage lenders. Prior to sentencing, the probation officer prepared a presentence investigation report (PSI), which set Seecharan's total offense level at 31, resulting in a guidelines range of 108 to 135 months' imprisonment. The PSI indicated that Seecharan "was involved in a life altering car accident" in 1982 that required multiple surgeries and left him with "chronic deformities," mobility problems, and pain. He underwent a lumbar decompression and inter-body fusion of his lumbar spine in April 2012, requiring significant rehabilitation. The PSI also noted that Seecharan may require future surgeries on his legs.

At sentencing, Seecharan requested that the district court impose a sentence of home confinement, asserting he would not receive "medical care . . . in the most effective manner" if he were imprisoned. 18 U.S.C. § 3553(a)(2)(D). In support of this claim, Seecharan submitted a letter from Dr. Steven Weber, who performed Seecharan's lumbar fusion. Dr. Weber opined that "incarceration may result in significant deterioration to [Seecharan's] healing in his lumbar spine on a permanent basis" because a public facility would increase his risk of infection and therefore "would certainly be debilitating for his overall condition and may be

2

significant for his overall state of health."  He also indicated that Seecharan "may require significant assistance just to get out of bed based on the status of his back and his lower extremities."  The district court continued Seecharan's sentencing and directed the probation officer to contact the Bureau of Prisons (BOP) to find out if it could adequately care for Seecharan.  Seecharan then submitted additional evidence, including a letter from Dr. Calvin Gibson, who had treated Seecharan for several years, which stated that, in his "professional medical opinion . . . the incarceration of Mr. Seecharan would be detrimental to his health and lead to possible loss of limb(s) and possibly his life."

When the court reconvened, it stated that the BOP had indicated it could "handle anything" with regard to an inmate's medical needs.  The court then found that Seecharan's medical condition did not justify a sentence of home confinement, but that a downward variance to 60 months' imprisonment was appropriate.  This is Seecharan's appeal.

We review the imposition of a sentence for an abuse of discretion.  *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013).  "First, we determine whether the district court committed any significant procedural error and, second, whether the sentence was substantively reasonable under the totality of the circumstances."  *Id.* (internal quotation marks omitted).  A sentence is procedurally unreasonable if the district court selected it based on clearly erroneous facts.

3

*United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010).  A factual finding is clearly erroneous where the record lacks substantial evidence to support it.  *United States v. Robinson*, 493 F.3d 1322, 1330 (11th Cir. 2007).

Seecharan argues that his sentence is procedurally unreasonable because it was based on the district court's clearly erroneous determination that he would receive necessary and effective medical care in prison.  We agree.  The district court imposed a sentence of imprisonment based on a report it purportedly received indicating that the BOP could "handle anything" with regard to inmates' medical needs.  But after a thorough independent review of the record, we cannot locate such a report.[1]  Hence, the district court's finding that Seecharan would receive effective medical care in prison is clearly erroneous because there is no evidence at all in the record controverting the opinions of his treating physicians that imprisonment would be significantly detrimental to his health.  *Id.*; *cf. Porter v. Singletary*, 49 F.3d 1483, 1488 n.8 (11th Cir. 1995) (noting that a district court's statement alone does not establish a fact when there is nothing in the record to

---

[1] After sentencing, Seecharan filed a motion in this court for release pending appeal.  In opposition, the government filed the declaration of Dr. Ivan Negron, a BOP physician, indicating that the BOP "has the capability to provide Mr. Seecharan with appropriate . . . care."  Because this evidence was not part of the record before the district court, we do not consider it.  *See United States v. Funt*, 896 F.2d 1288, 1300 (11th Cir. 1990) ("[T]he court of appeals may consider the information relied upon by the district court in imposing sentence when reviewing allegations that the sentence was imposed in reliance upon erroneous information or assumptions."); *see also Selman v. Cobb Cnty. Sch. Dist.*, 449 F.3d 1320, 1332 (11th Cir. 2006) ("In deciding issues on appeal we consider only evidence that was part of the record before the district court.").

support it).  And because the district court selected its sentence based on this finding, Seecharan's sentence is procedurally unreasonable.[2]  *Rodriguez*, 628 F.3d at 1264.

For the above reasons, we vacate Seecharan's sentence and remand for resentencing in a manner consistent with this opinion.

**VACATED AND REMANDED.**[3]

---

[2] The government does not argue that the district court's error was harmless.

[3] Because we vacate and remand, we do not consider Seecharan's alternative arguments that his sentence was procedurally unreasonable because the district court failed to consider 18 U.S.C. § 3553(a)(2)(D) and that his sentence was substantively unreasonable.