[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15024
Non-Argument Calendar

_____

D.C. Docket No. 2:10-cr-14096-JEM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BHARDWAAJ SEECHARAN,
a.k.a. Deo Seecharan,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 20, 2014)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

In this appeal, before us for a second time, Bhardwaaj Seecharan challenges the procedural and substantive reasonableness of the 60-month sentence imposed at resentencing.  For the reasons that follow, we affirm.

I.

Seecharan pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.  According to the presentence investigation report (PSI), in 1982, Seecharan was involved in a car accident that permanently damaged his legs, leaving him with "chronic deformities," mobility problems, and pain.  He underwent surgery in April 2012, and may require additional surgeries on his legs in the future.  He requires a cane and special shoes and medication for pain.

At his original sentencing, the district court determined the sentencing guideline range for Seecharan's offense was 108 to 135 months' imprisonment.  Seecharan requested home confinement because the Bureau of Prisons (BOP) could not provide adequate medical care.  The district court disagreed and sentenced Seecharan to a below-guideline sentence of 60 months' imprisonment.  On appeal, we vacated and remanded for resentencing because the district court's finding that the BOP was capable of treating Seecharan's medical conditions was not supported by any evidence in the record.  *United States v. Seecharan*, 523 F. App'x 79 (11th Cir. 2013) (unpublished).  We declined to address any other challenge to the procedural or substantive reasonableness of his sentence.

On remand, the government submitted a declaration from Dr. Ivan Negron, the medical director for the Southeast region of the BOP.  Negron stated that he had reviewed Seecharan's medical records and letters from his treating physicians and in his opinion the BOP was sufficiently able to manage Seecharan's medical needs.  Seecharan argued that Negron had not examined him and that his inability to walk would make him ineligible for placement in many BOP facilities.  He also cited the likelihood of infection, which could lead to an amputation, as support for a sentence of home confinement.  The district court noted that Seecharan's offense involved a large sum of money and many victims and, although it was non-violent, Seecharan had committed the offense while suffering from his debilitating condition.  The court took Seecharan's medical conditions into consideration and resentenced Seecharan to the same 60 months' imprisonment.   The court explained that this sentence was sufficient to punish and deter Seecharan.

Seecharan filed his notice of appeal and, while the appeal was pending, he moved for bond pending appeal.  The district court conducted a hearing, and this court has since granted the government's unopposed motion to supplement the record with evidence submitted at Seecharan's post-sentencing bond hearing.  At that hearing, Dr. Victor Loranth, the clinical director for FCI Williamsburg, where Seecharan is incarcerated, testified as to Seecharan's medical status.  Loranth had examined Seecharan at least three times since his placement at Williamsburg, and

3

he opined that the facility was capable of handling Seecharan's medical needs. According to Loranth, Seecharan now uses a wheelchair and crutches, and has leg braces, and FCI Williamsburg is wheelchair accessible. Seecharan had been seen by the nurses almost daily for blood pressure checks, and Loranth has ordered x-rays of his legs. The medical staff repeatedly checks Seecharan for pressure points and open wounds. Loranth had assessed Seecharan's medical needs, including the use of any pain medications, but at that time Seecharan was not complaining of pain. Seecharan was part of the chronic care clinic to monitor his on-going medical conditions. In response to the court's question, Loranth stated that FCI Williamsburg had the ability to adequately treat and care for Seecharan's medical needs, including access to emergency hospital care and a move to long-term care at another BOP facility if necessary.

Seecharan's daughter, Amanda, testified that she had helped Seecharan with his medical care at home, including wound care and daily hygiene needs. She stated that her father required medication for pain management. She testified that she had spoken with her father daily since his incarceration and he had complained that he was not getting all of his medications or any assistance with daily hygiene. She stated that she did not believe her father was receiving pain medication or any wound care. But she acknowledged that she had not been to visit her father since his transfer to Williamsburg.

4

The district court denied bond pending appeal, noting that Seecharan had committed his offense despite his medical conditions and that the court had imposed a sentence below the guideline range.

In his appeal, Seecharan argues that the district court erred procedurally by failing to adequately consider his medical condition and clearly erred in finding that the BOP was able to provide him with medical care as required by 18 U.S.C. § 3553(a)(2)(D).  He also argues that his sentence is substantively unreasonable.

## II.

We review both the procedural and substantive reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In determining whether the defendant's overall sentence is reasonable, we review the district court's findings of fact for clear error.  *United States v. Bane*, 720 F.3d 818, 824 (11th Cir.), *cert. denied* 134 S.Ct. 835 (2013). Under the clear error standard, we "must affirm the district court unless review of the entire record leaves us with the definite and firm conviction that a mistake has been committed."  *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003) (quotations omitted).  "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."  *Id.* (quotations omitted).  "The party challenging the sentence bears the burden of establishing that the sentence is unreasonable."  *Bane,* 720 F.3d at 824 (quotations omitted).

5

A district court making a sentencing determination must "make an individualized assessment based on the facts presented." *Gall*, 552 U.S. at 49-50. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). One of the purposes of sentencing the district court must consider is the need for the sentence imposed to provide the defendant with needed medical care in the most effective manner. *Id.* § 3553(a)(2)(D).

In reviewing the reasonableness of a sentence, we must first ensure that the district court committed no significant procedural error, such as failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence and any deviation from the guideline range. *Gall*, 552 U.S. at 51. The sentencing court is not required to discuss each of the § 3553(a) factors or even to state on the record that it has explicitly considered each of the factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

Seecharan has failed to show that his sentence was procedurally unreasonable. He alleges that the district court failed to adequately consider the

6

need to provide him with necessary medical care in the most effective manner, but the record shows otherwise. At resentencing, the district court stated that it had reviewed the parties' sentencing memoranda and the attached exhibits, including Dr. Negron's declaration, which dealt primarily with the issue of Seecharan's medical conditions and the BOP's ability to provide him with medical care. After extensive discussion, the district court concluded that there was sufficient evidence in the record indicating that the BOP could provide adequate medical care, and again imposed a below-guideline sentence based explicitly on consideration of Seecharan's medical conditions. The district court's statements satisfy the requirements for procedural reasonableness. *Scott*, 426 F.3d at 1329.

To the extent that Seecharan argues that the district court again relied on clearly erroneous facts in concluding that the BOP was capable of providing medical care in the most effective manner, we disagree.[1] The record at resentencing showed the BOP's ability to care for Seecharan. Negron reviewed Seecharan's medical records and the letters submitted by Seecharan's physicians. Dr. Negron specifically addressed Seecharan's ambulatory difficulties and the risk of infection in a prison setting, and concluded that the BOP was well-equipped to

---

[1] Seecharan's remaining contentions of procedural error are without merit. The district court never indicated at sentencing that it intended to "punish" Seecharan for appealing by resentencing Seecharan to a higher sentence. Rather, the court simply asked the parties to state their position on whether it was bound by the prior sentencing determination. And Seecharan provides nothing in support of his assertion that the district court should have assigned him a self-surrender date rather than remand him directly into custody.

7

deal with any of these issues.  In light of this evidence, the district court did not clearly err in finding that the BOP had the ability to provide Seecharan with necessary medical care in the most effective manner.  *McPhee*, 336 F.3d at 1275.

This conclusion is further supported by the supplemental evidence.  The clinical director of FCI Williamsburg testified to the treatment Seecharan had received since his placement in that facility.  Although this treatment may not be as extensive as Seecharan would like, the evidence shows that the BOP is adequately managing Seecharan's medical conditions.  Seecharan has offered nothing other than the testimony of his daughter, who has not visited him in Williamsburg, to contradict the doctor's testimony.  Thus, Seecharan has not shown any procedural error in the imposition of his sentence.

## III.

We will hold the sentencing decision substantively unreasonable only if we are left with the firm conviction that the district court committed a clear error in judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).  "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors."  *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007)

(quotations and brackets omitted).  That the sentence imposed was significantly below the statutory maximum penalty can serve as an indicator that the sentence imposed was reasonable.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Seecharan has failed to show that his sentence was substantively unreasonable.  At the original sentencing hearing, the district court expressed concern that home confinement would not necessarily prevent Seecharan from harming the community because he was able to commit the current offense despite his medical conditions.  At resentencing, as discussed above, the district court gave extensive consideration to Seecharan's medical conditions, and again noted that Seecharan had been able to commit the offense while suffering from his degenerative condition.  Seecharan participated in a scheme to defraud lending institutions that resulted in losses of between $20,000,000 and $50,000,000.  While suffering from the same medical conditions that he argues justify a sentence of home confinement, he furthered this conspiracy by performing financial services and managing several companies involved in the scheme.  Although the district court varied downward on the basis of Seecharan's medical conditions, the court explained that a term of imprisonment was justified in order to punish and deter Seecharan.  *See* 18 U.S.C. § 3553(a)(2).  Finally, Seecharan's sentence was 58 months below the advisory guideline range and significantly below the statutory

9

maximum of 30 years' imprisonment.  18 U.S.C. § 1344; *see also Gonzalez*, 550

F.3d at 1324; *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Seecharan has not met his burden of showing that his below-guideline sentence is

substantively unreasonable.

   **AFFIRMED.**